**Gregory L. Baird, OSB No. 922212**
gbaird@gordon-polscer.com
**GORDON & POLSCER, L.L.C.**
9020 SW Washington Square Road
Suite 560
Tigard, Oregon 97223
Telephone: (503) 242-2922
Facsimile: (503) 242-1264

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

          Plaintiff,

    v.

HOMETOWN ADVANTAGE CO. dba
PORTLAND WALKING TOURS; DAVID
SHARGEL; and ROBERT FISHER,

          Defendants.

_____/

**Case No.  3:20-cv-00714**

**COMPLAINT**

**DECLARATORY RELIEF 28 U.S.C. §
2201; BREACH OF CONTRACT**

Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia") alleges as follows:

**NATURE OF ACTION**

1.

This is an action for declaratory relief, pursuant to Fed. R. Civ. P. 57 and 28 USC § 2201,

and breach of contract arising from a dispute between the parties regarding the presence or

absence of insurance coverage for certain claims under a policy of insurance issued by

Philadelphia.

**COMPLAINT FOR DECLARATORY RELIEF;**
**BREACH OF CONTRACT**

**PARTIES**

**2.**

Philadelphia is a Pennsylvania Corporation with its principal place of business in Bala Cynwyd, Pennsylvania.

**3.**

Upon information and belief, Defendant Hometown Advantage Co. dba Portland Walking Tours ("Hometown") is a Washington Corporation with its principal place of business in Portland, Oregon.

**4.**

Upon information and belief, Defendant David Schargel ("Schargel") is a citizen of the State of Washington.

**5.**

Upon information and belief, Defendant Robert Fisher ("Fisher") is a citizen of the State of Oregon.

**JURISDICTION AND VENUE**

**6.**

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the federal diversity jurisdiction statute.

**7.**

The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

//

**COMPLAINT FOR DECLARATORY RELIEF;
BREACH OF CONTRACT**

**8.**

Venue is proper in this court under 28 U.S.C. § 1931(b) because defendant Fisher is domiciled in this District, because the events giving rise to the claim occurred in this District, and because the insurance was issued in this District.

**COMMON ALLEGATIONS**

**9.**

Philadelphia issued policy PHPK1831769, effective 7/24/2018-7/24/2019, to "Hometown Advantage" as the named insured and to a mailing address in Portland, Oregon ("the Policy"). The policy includes commercial general liability insurance, subject to the terms and conditions therein.

**10.**

On or about March 15, 2019, Fisher commenced a lawsuit against Hometown and Schargel in the Circuit Court for the State of Oregon, County of Multnomah, Case Number 19CV12564 ("the Lawsuit"). A copy of the original complaint is attached as Exhibit 1 ("the Complaint").

**11.**

Hometown and Schargel requested that Philadelphia defend the Complaint. Philadelphia denied any obligation under the Policy to defend the Complaint.

**12.**

On or about February 26, 2020, the parties to the lawsuit attended mediation, which Philadelphia attended through coverage counsel.

//

//

**COMPLAINT FOR DECLARATORY RELIEF;**
**BREACH OF CONTRACT**

**13.**

Philadelphia was provided for the first time at mediation with a copy of a First Amended Complaint, which materially altered the allegations in the lawsuit ("Amended Complaint"). A copy of the Amended Complaint is attached as Exhibit 2.

**14.**

Philadelphia was not given notice of the First Amended Complaint or an opportunity to review the claims therein prior to mediation.

**15.**

At the mediation, Fisher, Hometown and Schargel agreed, without Philadelphia's consent, to the terms of a settlement ("the Settlement"). Under the terms of the Settlement, the parties to the Lawsuit agreed to settle the claims in the Amended Complaint on the following terms:

    a. Hometown and Shargel agreed to the filing of the Amended Complaint after the Settlement was agreed to;

    b. Hometown and Schargel agreed to the entry of a stipulated judgment in favor of Fisher and against Hometown and Schargel on all claims in the Amended Complaint for a total sum of $250,000;

    c. Fisher agreed to not execute on the judgment against Hometown or Schargel for amounts in excess of $7,500 and to pursue the balance solely against Philadelphia; and

    d. Hometown and Schargel agreed to assign to Fisher all claims against Philadelphia and to cooperate fully in the pursuit of those claims.

**COMPLAINT FOR DECLARATORY RELIEF;**
**BREACH OF CONTRACT**

**FIRST CLAIM FOR RELIEF**
**(DECLARATORY JUDGMENT- DUTY TO DEFEND)**
**(Against All Defendants)**

**16.**

Philadelphia re-alleges and incorporates by reference all previous paragraphs.

**17.**

An actual controversy exists between Philadelphia and defendants (either as insureds or purported assignee of the insureds' rights) relating to whether the Policy owed a duty to defend the Complaint or Amended Complaint. Specifically, Philadelphia denies that it had any duty to defend the Complaint or the Amended Complaint and Hometown, Schargel and/or Fisher claim Philadelphia owed a duty to defend.

**18.**

Pursuant to 28 U.S.C. § 2201, Philadelphia is entitled to a declaration by this Court of its rights and duties related to the defense of Hometown and Schargel under the Policy and any rights Fisher may hold as an assignee.

**19.**

Philadelphia had no duty to defend Hometown or Schargel against the allegations of the Complaint because the allegations therein are subject to the Employer's Liability Exclusion and/or the Employment-Related Acts Exclusion.

**20.**

As to defendant Schargel, the allegations of the Complaint further did not create a duty to defend because the single claim against Schargel alleged assault and battery and that Schargel "attempted to and did cause harmful, offensive physical contact with Mr. Fisher." That claim

does not constitute an "occurrence" under the Policy and/or falls within the Policy exclusion for Expected or Intended Injury.

**21.**

With respect to the Amended Complaint, Philadelphia owes no duty to defend because that complaint was never tendered to Philadelphia for a defense nor was Philadelphia provided any opportunity to defend that complaint.  Alternatively, the allegations of the Amended Complaint are not covered by the terms of the Policy and/or any potential obligation to defend was eliminated by breach of conditions of the Policy.

**SECOND CLAIM FOR RELIEF**
**(DECLARATORY JUDGMENT- DUTY TO INDEMNIFY)**
**(Against all defendants)**

**22.**

Philadelphia realleges and incorporates by reference all previous paragraphs.

**23.**

An actual controversy exists between Philadelphia and the defendants relating to the existence or extent of any duty to indemnify Hometown or Schargel under the Policy arising from the Settlement or any resulting judgment entered as a result thereof, or any duty to pay Fisher as a judgment creditor or assignee of the rights of Hometown or Schargel.  Specifically, Philadelphia does not believe it owes a duty to indemnify, but one or more of the defendants believe Philadelphia owes a duty to indemnify arising from the Settlement or any judgment entered thereupon.

**24.**

Pursuant to 28 U.S.C. § 2201, Philadelphia is entitled to a declaration by this

Court of its rights and duties related to the existence or extent of any indemnity obligation under the Policy to Hometown, Schargel and/or Fisher.  This includes Philadelphia's rights and duties to Hometown and Schargel as an insured and/or Fisher as an assignee or judgment creditor of any insured.

**25.**

Philadelphia has no duty to indemnify relating to the claims in the Complaint because those claims were not covered and/or were excluded, as alleged above.

**26.**

Philadelphia should have no duty to indemnify with respect to any claim in the Complaint or Amended Complaint because:

a. The Amended Complaint was never tendered to Philadelphia for a defense nor was Philadelphia given any reasonable opportunity to respond to allegations of the Amended Complaint.

b. The Amended Complaint was not filed until after the Settlement was reached and therefore should not serve as the operative complaint on which the Settlement was based.

c. The claims do not fall within the coverage grant or, alternatively, fall within the Employer's Liability and/or the Employment-Related Practices Exclusions.

d. As to Schargel, the claims are not based on an "occurrence" or fall within the Policy exclusions for Expected or Intended Injury and/or Knowing Violation of Rights of Another.

e. The amount of the Settlement or any resulting judgment was unreasonable.

**COMPLAINT FOR DECLARATORY RELIEF;**                                    **Page 7**
**BREACH OF CONTRACT**

f.  The amount of the Settlement or any resulting judgment was the result of collusive conduct between Fisher, Hometown and Schargel intended to prejudice the rights of Philadelphia, in violation of the cooperation conditions contained in the Policy.

g.  Defendants failed to provide timely notice of the Amended Complaint and agreed to settlement of the claims in the Amended Complaint prior to filing of the Amended Complaint or any tender of defense or indemnity to Philadelphia, in violation of the notice provisions contained in the Policy, all to the prejudice of Philadelphia.

h.  Hometown and Schargel voluntarily agreed, without the consent of Philadelphia, to settle the claims in the Amended Complaint prior to the filing of that complaint or any reasonable request that Philadelphia defend or indemnify the claims in the Amended Complaint, in violation of the Policy provisions against the insured's voluntary assumption of any obligation without Philadelphia's consent, all to the prejudice of Philadelphia.

### THIRD CLAIM FOR RELIEF
### (BREACH OF CONTRACT)
### (Against Hometown and Schargel)

### 27.

Philadelphia realleges and incorporates by reference all previous paragraphs.

### 28.

The Policy contains the following conditions:

a.  The insured shall provide notice as soon as practicable of an "occurrence" or offense which may result in a claim.

b.  The insured shall provide written notice of a suit as soon as practicable.

**COMPLAINT FOR DECLARATORY RELIEF;**
**BREACH OF CONTRACT**

c.  The insured shall cooperate with Philadelphia in the investigation or settlement of any claim or defense against any suit.

d.  The insured shall not, except at the insured's own cost, voluntarily assume any obligation without Philadelphia's consent.

e.  The insured's rights may not be transferred without Philadelphia's written consent.

**29.**

Hometown and Schargel breached the insurance contract in the following particulars:

a.  In failing to provide timely notice of the claims asserted in the Amended Complaint.

b.  In failing to cooperate with Philadelphia in the defense, investigation or settlement of the claims in the Amended Complaint.

c.  In voluntarily assuming a settlement obligation and consenting to entry of a judgment without Philadelphia's consent.

d.  In agreeing to settlement and a stipulated judgment for amounts beyond the reasonable settlement value of the claims.

e.  In assigning to Fisher any rights under the Policy without Philadelphia's consent.

f.  In breaching the implied obligation of good faith and fair dealing via the above-described conduct.

**30.**

As a result of Hometown and Schargel's breach of contract, Philadelphia has suffered prejudice and has been damaged in an amount to be proven at trial, including but not limited to, any indemnity obligation Philadelphia is deemed to owe based on the Amended Complaint, the Settlement and any stipulated judgment resulting therefrom, in addition to attorney's fees and costs incurred in this action.

**COMPLAINT FOR DECLARATORY RELIEF;**
**BREACH OF CONTRACT**                                                    **Page 9**

WHEREFORE, Philadelphia prays for judgment as follows:

1. a declaration that Philadelphia does not have a duty to defend under the Policy arising from the Complaint and/or the Amended Complaint;

2. a declaration that Philadelphia does not have a duty to indemnify Hometown or Schargel, or any duty to pay Fisher as an assignee or judgment creditor, arising from the Settlement or any judgment entered relating thereto.

3. a ruling that Hometown and Schargel breached the breached the insurance contracts by violating the policy conditions, to the prejudice of Philadelphia, relieving Philadelphia of any duty that might otherwise have existed under the Policy relating to the Underlying Lawsuit.

4. an award of Philadelphia's damages from Hometown and Schargel, including but not limited to any indemnity obligation Philadelphia may owe arising from the Settlement and any resulting judgment relating thereto, in addition to the attorney fees and costs that have been or will be expended in this lawsuit; and

5. for such other relief that the Court deems just and proper.


DATED this 30th day of April, 2020.

GORDON & POLSCER, L.L.C.


By: */s Gregory L. Baird*
**Gregory L. Baird, OSB No. 922212**
gbaird@gordon-polscer.com

*Attorney for Philadelphia*